# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **DONNIE R CHASEBERRY,** § § § **Plaintiff,** § § **v.** § § **FNU DR. WHITE,** § § § **Defendant.** § | **CIVIL ACTION NO. 6:23-CV-00110-JCB** |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Donnie Chaseberry, an inmate confined at the Gregg County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. (Doc. No. 1.) The complaint was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Doc. No. 2.) On June 6, 2023, Defendant FNU Dr. White filed a motion for summary judgment for failure to exhaust administrative remedies. (Doc. No. 16.) Plaintiff has not filed a response and the time for doing so has passed. *See* Doc. No. 7. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion for summary judgment (Doc. No. 16) be **GRANTED** and that this action be **DISMISSED** without prejudice.

## BACKGROUND

Plaintiff initiated this lawsuit on March 2, 2023 against Defendant FNU Dr. White. (Doc. No. 1.) In his complaint, Plaintiff states that on April 28, 2022, he was booked at the Gregg County Jail and thereafter talked with Dr. White about getting medication as he is HIV positive. *Id.* at 4. Plaintiff alleges that Dr. White told him that he would not receive medical attention or medication

1

for his condition because his medication costs too much and Gregg County cannot afford it. *Id.* Plaintiff alleges that he has been at Gregg County Jail for ten months without proper medical attention. *Id.*

## LEGAL STANDARD

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *Merritt-Campbell, Inc.*, 164 F.3d at 961. However, the court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the opposing party's favor, there is no genuine issue for trial, and summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 249–51; *Texas Instruments*, 100 F.3d at 1179.

## DISCUSSION

Defendant argues that Plaintiff failed to properly exhaust administrative remedies regarding his claims prior to filing the instant suit. (Doc. No. 16, at 8.) Plaintiff has not submitted any response in opposition and the time for doing so has passed. *See* Doc. No. 7. Accordingly, the court presumes Plaintiff does not controvert the facts set out by Defendant and has no evidence to offer in opposition to Defendant's motion. Local R. CV-7(d); *see also* Fed. R. Civ. P. 56(e)(2)

(permitting a court to consider a fact undisputed for purposes of summary judgment when a nonmovant fails to properly address another party's assertion of fact).

A review of the summary judgment evidence in this case, submitted by Defendant and viewed in light most favorable to Plaintiff, shows that the evidence before the court could not lead to different factual findings and conclusions. In other words, summary judgment is appropriate. The court understands that Plaintiff is bringing claims concerning the denial of medical care and medication. (Doc. No. 1, at 4.) The summary judgment evidence reveals, however, that Plaintiff failed to exhaust his administrative remedies on these claims prior to filing this action in federal court.

It is well-settled that inmates must exhaust any and all administrative remedies before proceeding in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The purpose of the prison exhaustion requirement is to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *See Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009); *see also Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (explaining that the primary purpose of a grievance is to give prison officials fair opportunity to address the problem that will later form the basis of the lawsuit); *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (interpreting the exhaustion requirement in light of its purpose, which "include the goal of giving officials time and opportunity to address complaints internally") (internal quotations and citation omitted).

The exhaustion provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Court subsequently held that exhaustion is mandatory, and that the requirement will not be excused when an inmate fails to properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Id.* at 90–91. The Fifth Circuit reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). The Court noted that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. The Court added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. In light of *Jones v. Bock*, the Fifth Circuit provided guidance concerning how the exhaustion question should be handled in *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010). The following procedures were outlined:

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.

*Id.* at 272–73. A prisoner's failure to exhaust certain claims before filing suit in federal court is fatal to those unexhausted claims only. *See Jones*, 549 U.S. at 924 ("There is no reason failure to exhaust on one [claim] necessarily affects any other.").

Here, Defendant's summary judgment evidence reveals that the Gregg County Jail ("the Jail") has a written grievance procedure for inmates seeking to exhaust their administrative remedies, which is detailed in the Inmate Handbook.[1] (Doc. No. 16-3.) The Jail provides grievance forms for inmates which have the appropriate sections to mark and write their grievance. (Doc. No. 16-1, at 2–3.) Grievance forms are designed as a triplicate form. *Id.* at 2. When jail staff pick up a request form, they sign and date the form and then give a copy to the inmate. *Id.* When jail staff return the request form to the inmate with a response, it is signed and dated by the jail staff, and a copy of the signed and dated copy is given to the inmate. *Id.*

Upon receipt of a grievance, the Grievance Officer reviews the grievance and determines the appropriate action to redress the grievance. *Id.* The Grievance Board submits a written response to the inmate within 15 days. *Id.* If the inmate disagrees with the response of the Grievance Board, he may appeal the decision to three levels. *Id.* at 2–3. The first appeal is submitted to the Facility Lieutenant. *Id.* at 3. The second appeal of the Facility Lieutenant's decision is submitted to the Jail Administrator. *Id.* The third appeal of the Facility Administrator's decision is submitted to the Sheriff. *Id.* The Sheriff's decision is final. *Id.* This grievance documentation is placed in the inmate's jail file. *Id.*

The Jail also utilizes a kiosk system which allows an inmate to submit communications regarding various topics, including grievances and grievance appeals, electronically. *Id.* When an inmate submits a grievance using the kiosk, the inmate chooses the "Grievance" tab and types in

---

[1] This court has previously considered claims asserted by inmates alleging violations of their rights by the Gregg County Jail and its employees. In those cases, the court has required inmates seeking to pursue a federal claim to first exhaust administrative remedies under the Jail's grievance procedure. *See Kimble v. Cerliano*, No. 6:20-CV-00172, 2020 WL 8225360, at *4 (E.D. Tex. Dec. 2, 2020), *report and recommendation adopted*, No. 6:20-CV-00172, 2021 WL 203431 (E.D. Tex. Jan. 20, 2021); *Muckleroy v. White*, No. 6:19-CV-363, 2020 WL 5191317, at *3 (E.D. Tex. Aug. 6, 2020), *report and recommendation adopted*, No. 6:19-CV-00363, 2020 WL 5118045 (E.D. Tex. Aug. 31, 2020); *Perkins v. Gregg Cnty. Jail*, No. 6:18-CV-196, 2018 WL 6919523, at *3 (E.D. Tex. Sept. 17, 2018), *report and recommendation adopted*, No. 6:18-CV-196, 2019 WL 79363 (E.D. Tex. Jan. 2, 2019).

his grievance. *Id.* at 3. The grievance is then transmitted to the designated officers serving in the Grievance Board position. *Id.* The process for review, response, and appeal are the same when grievances are sent through the kiosk as they are for the paper forms. *Id.* The inmate does not receive a carbon copy, but he is able to monitor the grievance's progress and receives his response through the kiosk. *Id.* If an inmate disputes the decision of the Grievance Board, he can appeal by selecting "Grievance Appeal" in the kiosk. *Id.* The first appeal goes to the Facility Lieutenant, the second appeal goes to the Facility Administrator, and the last available appeal goes to the Sheriff, whose decision is final. *Id.*

Defendant provided the two kiosk grievances Plaintiff submitted prior to filing the instant action. (Doc. No. 16-2, at 4–5.) Plaintiff's grievances state: (1) "I AM FILING A GRIEVANCE OF DUE PROCESS, NO ACCESS TO LAW LIBRARY"; and (2) "I NEED AN 83 CIVIL LAWSUIT PACK". *Id*. Neither of these grievances deal with the claims Plaintiff asserts in this action—denial of access to medical care and medication. (Doc. No. 1, at 4.) Plaintiff has not submitted any evidence nor provided any citations to the record to show he properly filed and appealed grievances regarding the claims he makes in this action.

Defendant's summary judgment evidence also contains an affidavit from Jeff Callaway, Chief Deputy and Jail Administrator at the Jail. (Doc. No. 16-1.) In the affidavit, Callaway attests that he reviewed Plaintiff's grievance records, which confirmed that Plaintiff filed two unrelated grievances articulated above prior to initiating this action on March 2, 2023. *Id.* at 3. Calloway avowed that Plaintiff acknowledged jail rules which contained the grievance procedure, and that Plaintiff did not follow the grievance procedure regarding the instant claims. *Id.* at 3–4.

The summary judgment evidence reveals that Plaintiff did not follow the proper grievance procedure for his claims. Accordingly, the court finds that Plaintiff failed to exhaust all available administrative remedies prior to filing this case, and thus dismissal is appropriate.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that Defendant's motion for summary judgment (Doc. No. 16) be **GRANTED** and that this action be **DISMISSED** without prejudice for Plaintiff's failure to exhaust administrative remedies.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) superseded on other grounds by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 14th day of July, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE